UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

MARVENE TERRELL,

    Plaintiff,

v.

LITTLE WISE KIDS PRESCHOOL, LLC, a Florida limited liability company, KATRINA L. WISE, and KELVIN WISE,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, MARVENE TERRELL, ("TERRELL"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, LITTLE WISE KIDS PRESCHOOL, LLC, a Florida limited liability company (hereinafter, "LWKP"), KATRINA L. WISE, (hereinafter "K. L. WISE"), and KELVIN WISE, (hereinafter "K. WISE"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, LWKP was an "enterprise engaged in commerce." At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, LWKP, K.L. WISE AND K. WISE operated a preschool. By virtue of such, LWKP is a covered enterprise under 29 U.S.C. §203(s)(1)(B).

4. Plaintiff engaged in work that involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. This included a school supplies, file cabinets, electronic equipment and a variety of other materials used in this business which was manufactured outside of the State of Florida.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

  a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

  b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, TERRELL was "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendant, LWKP was conducting its business in Jacksonville, Duval County, Florida, with its principal places of business in that city.

11. At all times material hereto, Defendants, LWKP, K.L. WISE and K. WISE were the employers of Plaintiff, TERRELL.

12. At all times material hereto, Defendants, LWKP, K.L. WISE and K. WISE were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants, LWKP, K.L. WISE and K. WISE knowingly, maliciously and willfully failed to pay Plaintiff, TERRELL her lawfully earned wages in conformance with the FLSA.

14. Defendants, LWKP, K.L. WISE and K. WISE committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, LWKP was and continues to be an "enterprise[engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, TERRELL was directly essential to the businesses performed by Defendants.

17. Plaintiff, TERRELL has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. In or about the end of January 2018, Plaintiff, TERRELL began working for the Defendants as a teacher and later a director at the Defendants' preschool. Her employment ended on about May 31, 2019.

19. Although Plaintiff's hourly wage was supposed to be $11.00 per hour, Defendants paid Plaintiff, TERRELL, below the minimum wage for some of her hours.

20. The Defendants failed to pay TERRELL any wages at all for her final week of employment.

21. In addition, Plaintiff, TERRELL was not paid overtime wages for her work hours in excess of 40 in each workweek. The Plaintiff, was paid "straight time" for some hours in excess of forty, and was paid nothing for other hours in excess of forty.

22. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

23. Defendants, K.L. WISE and K. WISE were supervisor and manager/ owners of LWKP who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

24. Defendants, K.L. WISE and K. WISE was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, TERRELL.

25. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

26. Plaintiff, TERRELL repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff, TERRELL's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

28. The Defendants failed to pay Plaintiff, TERRELL for overtime hours she actually worked by, among other things, making deductions for meal breaks which she did not have time to actually take.  For other hours worked in excess of 40 per workweek, the Defendants paid the Plaintiff "straight time" instead of overtime at the rate of time-and-one-half.

29.  During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours.

30. Plaintiff, TERRELL was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

31. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.  Plaintiff, TERRELL, intends to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

32. Defendants knew of and/or showed a willful and malicious disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, TERRELL at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

33. Defendants failed to properly disclose or apprise Plaintiff, TERRELL, of her rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, TERRELL is entitled to liquidated damages pursuant to the FLSA.

35. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, TERRELL respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

  f.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

36. Plaintiff realleges Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

37. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

38. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

39. Plaintiff worked hours for the Defendants for which she was paid below the statutory minimum wage.

40. Plaintiff, TERRELL worked hours for LWKP for which she was paid no wages at all.

41. The Defendants' failure to pay Plaintiff the proper minimum wage was willful.

42. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

  WHEREFORE, Plaintiff respectfully requests:

  a.  judgment in her favor for all unpaid minimum wages due or payable;

  b.  liquidated damages;

  c.  attorney's fees and costs pursuant to the FLSA;

  d.  post-judgment interest; and

e.     all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

43. Plaintiff, TERRELL realleges Paragraphs 1 through 25 as if fully stated herein.

44. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay TERRELL at least the applicable Florida minimum wage.

45. During Plaintiff, TERRELL's employment, Defendants willfully and maliciously paid her less than the statutory minimum wage for her work hours. The Plaintiff received no final paycheck for work performed.

46. WHEREFORE, Plaintiff, TERRELL, respectfully requests that judgment be entered in her favor against the Defendants:

a.     Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b.     Awarding Plaintiff all back minimum wages due and owing;

c.     Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.     Awarding Plaintiff prejudgment and post-judgment interest;

f.     Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

    g.    Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that Plaintiff wasnot paid minimum wage for all hours worked as required; and

    h.    Awarding such other and further relief this Court deems to be just and proper

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   September 5, 2019.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/. Peter Bober
     PETER BOBER
     FBN:  0122955
     SAMARA ROBBINS BOBER
     FBN: 0156248