**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARVENE TERRELL,

Plaintiff,

v. Case No. 3:19-cv-1033-J-34JRK

LITTLE WISE KIDS PRESCHOOL, LLC
a Florida limited liability company,
KATRINA L. WISE, and KELVIN WISE,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Joint Motion to Approve Settlement and Dismiss Case with Prejudice (Doc. No. 26; "Motion"), filed March 16, 2020. In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice. Motion at 1, 3. The Motion is referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 8), entered September 9, 2019, at 3.

On September 5, 2019, Plaintiff commenced this action by filing a Complaint for Damages and Jury Trial Demanded (Doc. No. 1; "Complaint") against Defendants for

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). See Complaint at 1. Plaintiff alleges she was employed by Defendants from about the "end of January 2018" through May 31, 2019 as a "teacher and later a director at . . . Defendants' preschool." Id. at 4 ¶ 18; see also Notice of Filing Plaintiff's Answers to Court Interrogatories (Doc. No. 10; "Response to Court's Interrogatories"), filed September 20, 2019, at 3.[2] Plaintiff estimates she is owed $7,328.75 in damages. See Response to Court's Interrogatories at 3-4. Plaintiff represents that she arrived at this estimate "without the benefit of [her] time or payroll records." Id. at 4.

The parties have entered into a settlement agreement to resolve all of Plaintiff's claims. See Motion at Ex. A ("Settlement Agreement"). Under the terms of the settlement agreement, Defendants agree to pay Plaintiff $1,064.00 and $3,750.00 in attorney's fees and costs. Settlement Agreement at 1.[3]

---

[2] The Response to Court's Interrogatories contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

[3] In the Motion, the parties represent that under the Settlement Agreement, "Defendants are paying . . . Plaintiff a total of $1,045.00" ($555.00 in allegedly unpaid overtime wages, $245.00 in allegedly unpaid minimum wages, and $245.00 in liquidated damages), not $1,064.00 as provided by the settlement agreement. Motion at 2-3. The Court entered an Order (Doc. No. 29) on May 26, 2020, directing the parties to file a supplemental memorandum addressing this discrepancy. On the same date, the parties filed a Supplemental Memorandum (Doc. No. 30) that was later amended on May 28, 2020. See Amended Supplemental Memorandum (Doc. No. 31). In the Amended Supplemental Memorandum, the parties indicate that the amount set out in the settlement agreement ($1,064.00) is the correct amount.

The parties did not provide a breakdown of the amount as directed in the May 26, 2020 Order. See Order at 2 (directing that "[i]f the amount specified in the parties' settlement agreement is correct, the supplemental memorandum shall include a breakdown of that amount"). Nonetheless, in light of the small difference between the amount set out in the Motion and the correct amount, the undersigned considers the breakdown provided in the Motion in determining the reasonableness of the settlement.

In an FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, the parties state that the "instant action involves disputed issues of liability and amount of damages," including the following: 1) whether and how long Plaintiff worked during her lunch break; 2) whether Plaintiff received her last paycheck, and if not, the amount owed; 3) whether Defendants acted willfully; and 4) whether the individual Defendants are "employers" under the FLSA. Motion at 2. The parties agree the settlement agreement "reflects a fair and reasonable compromise of the disputed factual and legal issues." Id. According to the parties, "after contentious litigation in this matter, . . . settlement is the best possible outcome." Id. at 3. The parties represent that the attorney's fees were "negotiated as an amount separate and apart from the amount paid to . . . Plaintiff." Id. "The [p]arties agree that the amount paid for attorney['s] fees and costs, and that the fees/costs are reasonable, and in no way affected . . . Plaintiff's recovery." Id.

In light of the representations made by the parties and upon review of the Motion, the settlement agreement, and the remainder of the file, the Court finds that the settlement agreement, including the award of attorney's fees and costs, represents "a fair and

reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[4]

After due consideration, it is

**RECOMMENDED**:

1. That the Joint Motion to Approve Settlement and Dismiss Case with Prejudice (Doc. No. 26) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreement attached to the Motion.[5]

2. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on June 1, 2020.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

---

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-Orl-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendants do not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

[5] This recommendation is not intended to suggest that the Court enter judgment against Defendants. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[ ] is a fair and reasonable res[o]lution of a bona fide dispute."


bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record